UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JERRY HART,

    Plaintiff,

v.                                                    CASE NO:

WAL-MART STORES EAST, LP, and
ROBERT TALBOT

    Defendants.
_____/

**WALMART STORES EAST, LP.'S NOTICE OF REMOVAL**

Defendant, WALMART STORES EAST, LP, ("Walmart"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3), and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the 20th Judicial Circuit Court in and for Lee County, Florida, Case No. 2020-004835, with full reservation of rights, exceptions, and defenses, and in support thereof states:

### I.   BACKGROUND

1. On or about July 27, 2020, Plaintiff commenced this action by filing a Complaint against Walmart Stores East, LP and Robert Talbot in the 20th Judicial Circuit Court in and for Lee County, Florida. (See Pl.'s Compl. attached as Exhibit A.) The Complaint was served on Walmart on or about August 20, 2020. The Complaint has not been served on Robert Talbot.

2. Plaintiff, Jerry Hart, alleges a claim for negligence against Walmart and Robert Talbot as a result of injuries he allegedly sustained on July 3, 2019, when he "slipped and fell on water or other foreign transitory substances on the walkway surface" at the Walmart store located at 545 Pine Island Road, North Fort Myers, Lee County, Florida. (Ex. A at ¶¶ 8-11.)

3. Specifically, Plaintiff alleges that Walmart breached its duty owed to him, including (a) failing to maintain the floor; (b) failing to inspect; (c) failing to warn; (d) failing to correct the dangerous condition of water on the floor; (e) failing to have adequate staff; (f) failing to adequately train employees; (g) failing to follow its own corporate policies; (h) failing to act reasonably; (i) negligently engaging in mode of operations; (j) failing to render aid; and (k) negligently engaging in business. (Ex. A ¶ 14.)

4. Plaintiff alleges that the store manager, Robert Talbot, by virtue of having control over the subject Walmart, had a duty of reasonable care to maintain the premises in a reasonably safe condition, and that it was part of his duties and responsibilities as store manager to inspect the premises for dangerous conditions. (Ex. A. ¶¶ 19-22.) Plaintiff alleges that the store manager, Robert Talbot, breached his duty of reasonable care relating to the business premises while under his control by (a) failing to maintain the floor; (b) failing to inspect; (c) failing to warn; (d) failing to correct the dangerous condition of water on the floor; (e) failing to have adequate staff; (f) failing to adequately train employees; (g) failing to follow Walmart's corporate policies; (h) failing to act reasonably; (i) negligently engaging in mode of

operations; (j) failing to render aid; and (k) negligently engaging in business. (Ex. A. ¶ 28.)

5. On September 23, 2020, Plaintiff filed his response to Walmart's Request for Admission admitting that he was seeking damages that exceed $75,000, exclusive of interest, costs, and attorneys' fees. (See Plaintiff's Response to Requests for Admissions, attached as Exhibit B.)

6. Plaintiff's Complaint is removable based on diversity of citizenship of the parties and because the claimed amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

7. Walmart attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the 20th Judicial Circuit of the State of Florida in and for Lee County together with a docket sheet from the Clerk of the Court. (Attached as Composite Exhibit C.)

8. Walmart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II.    REMOVAL IS TIMELY

9. In accordance with 28 U.S.C. § 1446(c), Walmart files this Notice of Removal within thirty (30) days of the date that it received Plaintiff's Response to Request for Admissions admitting that the damages he seeks exceed $75,000.00 exclusive of interest, costs, and attorneys' fees. Plaintiff's Response to Requests for Admissions is the first "other paper" received after the filing of this action, from which it could be ascertained that the case is one which was removable. The thirty (30) day

period commenced on September 23, 2020 when Plaintiff filed this response. (See Ex. B.)

10. Venue exists in the United States District Court for the Middle District of Florida, because the 20th Judicial District in and for Lee County, where Plaintiff filed his state court Complaint against Walmart, is located within the Middle District of Florida.

### III. THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

11. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

12. Walmart Stores East, L.P., was at the time of the alleged incident, and is currently, a Delaware limited partnership.

13. WSE Management, LLC and WSE Investments, LLC, are partners of Walmart. WSE Management, LLC and WSE Investments, LLC were at the time of filing the Complaint, and still are Delaware limited liability companies.

14. The sole member of WSE Management, LLC and the sole member of WSE Investments, LLC is, and was at the time of the filing of the Complaint, Wal-Mart Stores, East, LLC, an Arkansas Limited Liability Company.

15. The sole member of Wal-Mart Stores East, LLC, is and was at the time of filing the Complaint, Wal-Mart Stores, Inc.

16. Wal-Mart Stores, Inc. is a Delaware corporation that is a publicly traded company on the New York Stock Exchange and traded under the symbol WMT. The principal place of business for Wal-Mart Stores, Inc. is Bentonville, Arkansas. No publicly traded entity owns more than 10% of the company.

17. The principal place of business for all of the above entities (Walmart Stores East, L.P., WSE Management, LLC, WSE Investments, LLC, Wal-Mart Stores East, LLC, and Wal-Mart Stores, Inc.) is and was at the time of the filing of the Complaint, Bentonville, Arkansas.

18. Hence, Defendant, Walmart Stores East, L.P. is a citizen of both Delaware and Arkansas, and is not a citizen of Florida.

19. In determining whether diversity jurisdiction exists, the Court must disregard the citizenship of fraudulently joined parties. *Henderson v. Washington Nat. Ins. Co*, 454 F. 3d 1278, 1281 (11th Cir. 2006). Under well-established principles of federal law and civil procedure, a plaintiff may not destroy a defendant's right of removal by fraudulently or improperly joining a resident defendant having no real connection with the controversy. *See e.g. Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 91 (1921).

20. In evaluating whether there is any possibility that the plaintiff can establish a cause of action against a resident defendant, the Eleventh Circuit has stated that there must be a reasonable basis for the claim being made. *Legg v. Wyeth*, 428 F. 3d 1317 (11th Cir. 2005). Thus, a defendant is fraudulently joined when there is no "reasonable basis" for a claim against it.

21. Here, Plaintiff attempts to assert a cause of action against Robert Talbot, the Manager of the subject premises.

22. Florida law is clear that an employee such as Robert Talbot cannot be held personally liable in tort simply because of his general administrative responsibilities for performance of certain functions. *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357 (Fla. 1st DCA 2006). To establish employee liability, the plaintiff must plead and prove that the employees owed a duty to the plaintiff, and that the duty was breached through personal (as opposed to technical or vicarious) fault. *Id.*

23. Plaintiff's Complaint is void of any allegations of active negligence on the part of Robert Talbot; rather, all of Plaintiff's allegations arise from Robert Talbot's purported duty as the manager of the subject Walmart. Under Florida law, such allegations are insufficient to establish personal liability against Robert Talbot, the store manager. Therefore, Plaintiff lacks any basis whatsoever for his negligence claim against Robert Talbot, the store manager, and the inclusion of the store manager in this lawsuit is a transparent attempt to destroy complete diversity. *See White,* 918 So. 2d 357.

24. Plaintiff is a citizen of the State of Florida residing in Lee County, Florida. Plaintiff is not a citizen of Delaware or Arkansas.

25. Plaintiff's Complaint states that he is a resident of Lee County, Florida. (Ex. "A" at ¶ 2.)

26. Although Plaintiff's Complaint does not specifically state Plaintiff's citizenship, the Eleventh Circuit has held "citizenship is equivalent to 'domicile' for

purposes of diversity jurisdiction." *McCormick v. Aderhold*, 293 F.3d 1254, 1257 (11th Cir. 2002). Further, "a person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Sunseri v. Macro Cellular*, 412 F. 3d 1247, 1249 (11th Cir. 2005) (quoting McCormick, 293 F.3d at 1257–58).

27. Plaintiffs' domicile in Lee County, Florida is equivalent to his citizenship for purposes of establishing diversity. *See McCormick*, 293 F.3d at 1257.

28. Because there exists complete diversity between Plaintiff and the only properly named Defendant, Walmart, who are citizens of different states, and because the claimed amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## IV.   AMOUNT IN CONTROVERSY

29. The claimed amount in controversy exceeds $75,000.00, exclusive of attorney's fees, costs and interest.

30. Although Plaintiff's Complaint alleges simply that the negligence action exceeds the State of Florida circuit court jurisdictional minimum—"damages that exceed $30,000.00," (Ex. A, ¶ 1)—a review of the full Complaint and Plaintiff's Response to Request for Admissions indicates that the claimed amount in controversy exceeds $75,000.00.

31. Plaintiff alleges in his Complaint that as a direct and proximate result of the negligence of Walmart, Plaintiff Jerry Hart "suffered bodily injury . . . resulting in pain and suffering, disability, disfigurement, permanent and significant scarring,

inconvenience, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, loss of earning, loss of ability to earn money, and aggravation of previously existing condition both in the past and into the future. The losses are either permanent or continuing and Plaintiff will suffer these losses into the future . . . ." (Ex. A ¶ 16, 30.)

32. Plaintiff served his Answer to Defendant's Request for Admissions, wherein he admitted that he is seeking damages in excess of $75,000.00, for the subject incident. (Ex. B.)

33. Although Plaintiff's Complaint does not specify an amount in controversy other than the state court $30,000.00 jurisdictional minimum, Plaintiff's Response to Request for Admissions indicate that Plaintiff's claimed damages exceed the jurisdictional minimum in this Court of $75,000.00. *See* Jennings v. Powermatic, No. 3:14-CV-250-J-32JRK, 2014 WL 2003116, at *2 (M.D. Fla. May 15, 2014) (Plaintiff's Response to Request for Admissions is competent evidence of the amount in controversy.)

34. Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by* Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000).

35. "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

36. When considering all of the information, including the allegations in the Complaint, Plaintiff's alleged injuries, and Plaintiff's Response to Request for Admissions, the amount in controversy exceeds the requisite $75,000.00. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."). "Although separately the allegations in the Complaint, the medical information, and Plaintiff's discovery responses would not prove by a preponderance of the evidence that more than $75,000, is in controversy, together they suffice." *Stephenson v. Amica Mutual Insurance Company*, No. 6:14-CV-978-ORL-37, 2014 WL 4162781, at *3 (M.D. Fla. Aug. 21, 2014) (footnotes omitted).

37. In *Jennings v. Powermatic*, No. 3:14-CV-250-J-32JRK, 2014 WL 2003116, at *2 (M.D. Fla. May 15, 2014), the court determined the defendant

established its burden of proving the amount in controversy exceeded $75,000.00 where the plaintiff's response to the defendant's request for admissions admitted the plaintiff was seeking damages in excess of $75,000.00. *Id.* The court found that the defendant had established complete diversity and that the amount in controversy exceeds the minimum jurisdictional requirement; therefore, the court denied the plaintiff's motion to remand. *Id.* at *5.

38. Additionally, the court has concluded that an affirmative response to a request for admission may establish the amount in controversy. *See, e.g., Diaz v. Big Lots Stores, Inc.,* Case No. 5:10–cv–319, 2010 WL 6793850, at*3 (M.D. Fla. Nov. 5, 2010). In *Diaz,* the removing defendant properly established the amount in controversy by showing an admission from the plaintiff admitting the damages exceeded the jurisdictional amount. *Id.*

39. Here, Plaintiff's alleged damages as admitted in his Response to Defendant's Request for Admission alone exceed the jurisdictional minimum of this court, and thus Walmart has established its burden of proving the amount in controversy exceeds $75,000.00.

## V. CONCLUSION

Because there exists complete diversity between Plaintiff and Defendant Walmart who are citizens of different states, and because the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Upon filing of this Notice of Removal, Walmart will promptly give written notice to Plaintiff, through her attorneys of

record, and the Clerk of the Circuit Court for the 20th Judicial Circuit in and for Lee County, Florida.

**WHEREFORE**, Defendant, WALMART STORES EAST, LP, respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. 2020-CA-004835, on the docket of the Court for the 20th Judicial Circuit in and for Lee County, Florida, be removed from that Court to the United States District Court for the Middle District of Florida, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Walmart is entitled.

Respectfully submitted,

_____
Amanda J. Sharkey Ross
Monica Schmucker

I HEREBY CERTIFY that on October 14, 2020 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. A hard copy of the same will be mailed as follows:

Adam Heisner, Esquire
Morgan & Morgan
12800 University Drive
Fort Myers, FL 33907
Telephone (239) 210-5350
aheisner@forthepeople.com
nwilson@forthepeople.com
*Attorneys for Plaintiffs*

_____
AMANDA J. SHARKEY ROSS
Florida Bar No. 598666
MONICA SCHMUCKER

        Florida Bar No. 120579
        Post Office Box 280
        Fort Myers, Florida 33902-0280
        Telephone (239) 344-1249
        Facsimile  (239) 344-1542
        *Attorneys for Defendant*
        amanda.ross@henlaw.com
        tracey.salerno@henlaw.com
        monica.schmucker@henlaw.com
        sarah.howie@henlaw.com