IN THE CIRCUIT COURT OF THE
TWENTIETH JUDICIAL CIRCUIT, IN AND FOR
LEE COUNTY, FLORIDA

CASE NO: 20-CA-

JERRY HART,

    Plaintiff,

vs.

WAL-MART STORES EAST,
LP and ROBERT TALBOT,

    Defendant.
_____

### COMPLAINT AND JURY TRIAL DEMAND

COMES NOW Plaintiff, JERRY HART, and sues Defendants, WAL-MART STORES EAST, LP and ROBERT TALBOT, and alleges:

### JURISDICTION AND VENUE

1. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. Plaintiff is a natural person residing in Lee County, Florida.

3. At all times material hereto, Defendant WAL-MART STORES EAST, LP, was and is a foreign partnership conducting substantial business in Florida, including Lee County, Florida, and whose acts and/or omissions giving rise to this action occurred in Lee County Florida.

4. At all times material to this action ROBERT TALBOT is a natural person working and residing in Lee County, Florida.

5. At all times material hereto, Defendant ROBERT TALBOT was the store manager in actual control of that certain business located at 545 Pine Island Road, North Fort Myers, FL, said business being that of a Wal-Mart general store, open to the general public, including the Plaintiff herein.

6. At all times material hereto, Defendant WAL-MART STORES EAST, LP was the owner and in possession of that certain business located at 545 Pine Island Road, North Fort Myers, FL, said business being that of a general store, open to the general public, including the Plaintiff herein.

7. Venue is proper in Lee County, Florida because that is where the incident giving rise to this action occurred.

**FACTS REGARDING THE INCIDENT**

Plaintiff re-alleges and incorporates herein by reference paragraphs 1-7 above, and further states:

8. On or about October 10, 2019, Plaintiff visited Defendant's premises located at the above address going into the general store (hereinafter referred to as "Premises").

9. At all times material hereto, Defendant, WAL-MART STORES EAST, LP, individually and/or by and through its property management company, agents, servants, employees,

and/or sub-contractors, maintained the aforesaid Premises, including the walkway where Plaintiff JERRY HART slipped and fell, thereby creating a hazardous and dangerous condition.

10. At said time and place, Plaintiff was a consumer, lawfully upon the premises of the Defendant, who owed Plaintiff a duty to exercise reasonable care for his safety.

11. On or about July 3, 2019, Plaintiff, JERRY HART, sustained severe and permanent injuries while inside Defendant, WAL-MART STORE EAST LP's, premises. Specifically, while shopping for a sandwich near the sandwich refrigerator/cooler Plaintiff slipped and fell on water or other foreign transitory substances on the walkway surface, which was neglected by Defendant.

## COUNT I: NEGLIGENCE AGAINST WAL-MART

Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 11 of this complaint as if expressly rewritten and set forth fully herein.

12. Defendant, WAL-MART STORES EAST LP, was at all times material herein, in possession and control of the Premises described hereinabove where Plaintiff fell and was subsequently injured.

13. At all times material hereto, Defendant, WAL-MART STORES EAST LP, had a non-delegable duty to maintain its property in a reasonable safe condition and to exercise reasonable care in the maintenance, general upkeeps, and routine inspections of said property to ensure that its property, including all aisle walkways, were safe as to prevent any foreseeable risk of injury to its invitees.

14. At all times material hereto, Defendant, WAL-MART STORES EAST LP, breached its duty owed to Plaintiff by committing one or more of the following omissions or commissions:

   a) Negligently failing to maintain or adequately maintain the walkway near the sandwich cooler of the premise, thus creating a hazardous condition to members of

the public, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff; and,

b) Negligently failing to inspect or adequately inspect the walkway near the sandwich cooler, as specified above, to ascertain whether the premises sandwich cooler walkway constituted a hazard to customers utilizing said sandwich cooler walkway, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff; and,

c) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the water or other foreign transitory substances on the sandwich cooler walkway, when Defendant knew or through the exercise of reasonable care should have known that said sandwich cooler walkway was unreasonably dangerous and that Plaintiff was unaware of same; and,

d) Negligently failing to correct or adequately correct the unreasonably dangerous condition of the water or other foreign transitory substances on the sandwich cooler walkway on Defendant's premises, when said condition had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care; and,

e) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting/maintaining the premises/sandwich cooler walkway for dangerous conditions including the water or other foreign transitory substance; and,

f) Negligently failing to train and/or inadequately training its employees to inspect the premises for dangerous conditions including the water or other foreign transitory substance; and,

g) Negligently failing to follow its own corporate policy(ies) and procedures regarding the cleaning and maintenance of the sandwich cooler walkway; and,

h) Negligently failing to act reasonably under the circumstances; and,

i) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including Plaintiff herein; and,

j) Negligently failing to render aid to the Plaintiff after his fall; and/or negligently rendering aid to the Plaintiff after they fell on the sandwich cooler walkway; and,

k) Negligently engaging in a routine practice of business that was unreasonable to what is customary for the business community in and/or around where the subject incident occurred.

15. As a result, while Plaintiff was visiting Defendant's business, he slipped and fell on water or other foreign transitory substance on the sandwich cooler walkway, sustaining injuries as set forth.

16. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, JERRY HART, sues the Defendant, WAL-MART STORES EAST, LP, for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, **and demands trial by jury of all issues so triable.**

## COUNT II: ACTIVE NEGLIGENCE AGAINST STORE MANAGER ROBERT TALBOT

17. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 11 of this complaint as if expressly rewritten and set forth fully here.

18. This Count of this Complaint is an action by Plaintiff, JERRY HART, for damages in excess of thirty thousand one dollar and no cents ($30,001.00) against Defendant ROBERT TALBOT who was the store manager on duty at the time of the alleged incident.

19. At all times material hereto, Defendant, ROBERT TALBOT, as manager for WAL-MART, was in control of said Premises and owed Plaintiff a duty of reasonable care to maintain the Premises in a reasonably safe condition for the safety of business invitees on the Premises, which included reasonable efforts to keep the premises free from water or other foreign transitory substances

on the walkway and objects that might foreseeably give rise to loss, injury, or damage including injury to Plaintiff JERRY HART.

20. Defendant ROBERT TALBOT, by virtue of his having control over the subject Wal-Mart store, had a duty to inspect the premises for dangerous conditions.

21. Defendant ROBERT TALBOT, by virtue of his having control over the subject Wal-Mart store, had a duty to control the cleaning and maintenance within the retail store.

22. It was Defendant ROBERT TALBOT's duties and responsibilities as store manager of the subject Wal-Mart store to inspect the premises for dangerous conditions.

23. At all times material to this action Defendant, ROBERT TALBOT, was employed by Defendant, WAL-MART, as a manager and was directly responsible for maintaining, managing, supervising and/or operating the subject store and therefore is personally liable to Plaintiff. *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. 1st DCA 2006); *Orlovsky v. Solid Surf*, 405 So. 2d 1363, 1364 (Fla. 4th DCA 1981).

24. At all times material to this action, Defendant, ROBERT TALBOT, was directly responsible for executing Defendant, WAL-MART STORES EAST, LP's policies of store management and was personally involved in Defendant, WAL-MART STORES EAST, LP's previously described tortious conduct and is therefore personally liable to Plaintiff. *White*, 918 So. at 358; *Orlovsky*, 405 So. 2d at 1364.

25. At all material times and by virtue of her position with Defendant, WAL-MART STORES EAST, LP, Defendant, ROBERT TALBOT, owed Plaintiff a non-delegable duty to maintain the store in a reasonably safe and clean condition and to warn Plaintiff of any latent dangers in the store, or on its premises and for supervising the employees working at said premises to ensure that they reasonably and safely maintained, inspected, warned and/or cleaned the subject premises consistent and in compliance with the Defendant, WAL-MART's policies and

procedures, and was reasonably customary for the business community in and/or around where the subject incident occurred and for the subject weather conditions that caused the subject incident.

28. At said time and place, Defendant, ROBERT TALBOT, breached his duty owed to Plaintiff by committing one or more of the following omissions or commissions:

a) Negligently failing to maintain or adequately maintain the sandwich cooler walkway, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff; and,

b) Negligently failing to inspect or adequately inspect the sandwich cooler walkway, as specified above, to ascertain whether the transitory foreign substance/object constituted a hazard to persons utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff; and,

c) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the sandwich cooler walkway, when Defendant knew or through the exercise of reasonable care should have known that said walkway was unreasonably dangerous and that Plaintiff was unaware of same; and,

d) Negligently failing to correct and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the water oro other foreign transitory substance on the sandwich cooler walkway on Defendant's premises, when said condition had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care; and,

e) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting/maintaining the sandwich cooler walkway for dangerous conditions like the water or other foreign transitory substance; and,

f) Negligently failing to train and/or inadequately training his employees to inspect the premises for dangerous conditions like the water or other foreign transitory substance; and,

g) Negligently failing to follow Defendant WAL-MART STORE EAST, LP's corporate policy(ies) and procedures regarding the dangerous condition; and,

h) Negligently failing to act reasonably under the circumstances; and,

i) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein; and,

j) Negligently failing to render aid to the Plaintiff soon after he slipped and fell on the water or other foreign transitory substance on the sandwich cooler walkway and then negligently rendering aid to the Plaintiff after he slipped and fell and was injured by the water or other foreign transitory substance which Defendant failed to clean-up; and,

k) Negligently engaging in a routine practice of business that was unreasonable to what is customary for the business community in and/or around where the subject incident occurred.

29. As a result, while Plaintiff was visiting Defendant's business, he slipped on water or other foreign transitory substance causing him to fall and sustain injuries as set forth herein.

30. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, inconvenience, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition both in the past and into the future. The losses are either permanent or continuing and Plaintiff will suffer these losses into the future and has already suffered same in the past.

WHEREFORE, the Plaintiff, JERRY HART, sues the Defendants, ROBERT TALBOT, for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), **and demands trial by jury on all issues so triable.**

**RESPECTFULLY** submitted this 27th day of July, 2020.

/s/ Adam Heisner
ADAM HEISNER
FBN: 124727
Morgan & Morgan
12800 University Dr, Suite 600
Fort Myers, FL 33907
Phone: (239) 210-5350
Attorneys for Plaintiff
E-Mail: aheisner@forthepeople.com
nwilson@forthepeople.com